■ PHELPS GUIDE RAIL, Appellant, v UNITED STATES FIDELITY & GUARANTY COMPANY et al., Respondents. (Appeal No. 2.) [808 NYS2d 874]—

Appeal from an amended order of the Supreme Court, Jefferson County (Hugh A. Gilbert, J.), entered September 22, 2004. The amended order, inter alia, granted the motion of defendant United States Fidelity & Guaranty Company seeking dismissal of the complaint against it as time-barred.

It is hereby ordered that the amended order so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: Supreme Court properly granted the motion of defendant United States Fidelity & Guaranty Company (Fidelity) seeking dismissal of the complaint against it as time-barred. The record establishes that plaintiff entered into a subcontract with defendant Midstate Construction Services, Inc. (Midstate) in September 2001 pursuant to which plaintiff was to provide guardrails in connection with Midstate's contract with the New York State Office of General Services (State) for the repair and replacement of underground heating lines at a correctional facility. In accordance with State Finance Law § 137, Midstate had obtained a labor and material bond (payment bond) from Fidelity. On July 2, 2002, plaintiff filed a notice of lien for public improvement (mechanic's lien) setting forth that payment under its subcontract with Midstate was due on December 6, 2001. On November 18, 2002, the State approved the work performed by plaintiff, and plaintiff commenced this breach of contract action on November 4, 2003 alleging that it had complied with all

terms and conditions of the payment bond and that Midstate, as principal, and Fidelity, as surety, are liable for plaintiff's claim on the payment bond.

We agree with the court that plaintiff's action is time-barred. State Finance Law § 137 (4) (b) provides in relevant part that "no action on a payment bond furnished pursuant to this section shall be commenced after the expiration of one year from the date on which final payment under the claimant's subcontract became due." Here, final payment was due under the subcontract on December 6, 2001 in accordance with the terms of the mechanic's lien, and plaintiff failed to commence this action within one year thereafter. Pursuant to the decision of the Court of Appeals in *Windsor Metal Fabrications v General Acc. Ins. Co. of Am.* (94 NY2d 124, 128 [1999]), the statutory "time frame may not be extended or overridden by any provisions of the subcontract." Thus, contrary to plaintiff's contention, the 5% retainage provision of the subcontract did not extend the date on which final payment was due until November 18, 2002, when the State approved plaintiff's work. Present—Pigott, Jr., P.J., Martoche, Smith, Pine and Hayes, JJ.